THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EMETERIO RIVERA MORALES, Defendant and Appellant.

No. 13502.   Argued December 1, 1948.—Decided January 31, 1949.

*Mariano Acosta Velarde* and *Daniel Pellón Lafuente* for appellant.   *Vicente Géigel Polanco, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Emeterio Rivera Morales appeals from a judgment of the District Court of San Juan sentencing him, on appeal, to ten months in jail for a violation of § 328 of the Penal Code. He alleges in this appeal that the lower court erred in deciding that it had jurisdiction over the case; in admitting photographs of Mrs. Vázquez, taken before and after the accident; in basing on judicial notice its conclusion that Héctor Vázquez was not intoxicated but had merely taken two or three highballs; in holding that appellant was guilty of criminal negligence, the proximate cause of the accident; in weighing the evidence and in sentencing appellant to ten months in jail.

■■ The ground for the first error is that the complaint in this case was not filed in the Municipal Court for the Capital created by Act No. 18 of December 31, 1946 (Third Special Session) which was the court with jurisdiction, inasmuch as the alleged offense was committed on January 1, 1948 and the complaint presented on February 17, 1948, subsequent to the creation of said court, but that it was filed in the Municipal Court of San Juan which had already been abolished by the aforesaid Act. We do not agree with appellant. This is a defect of form in the title of the complaint, which pursuant to §§ 22 and 23 of the Code of Criminal Procedure, may be filed on an affidavit without having to state in the title the name of the court, as required by § 71 of the same Code when the prosecuting attorney files the information. Furthermore, if at the time of filing the complaint on February 17, 1948, the municipal court had been abolished for more than one year, it is obvious that the complaint was filed in the Municipal Court for the Capital and that, probably, what happened was that a printed form for complaints before the abolished court was used. The question is not novel in this jurisdiction. In *People* v. *Gibson*, 51 P.R.R. 118, 120, we held that "The caption is not an essential part of the complaint, and if it is shown that the information was filed and the trial held in the proper court, we do not think that any error has been committed which would justify a reversal of the judgment."

■■ Neither the first nor the second error was committed, for the admission in evidence of the photographs of one of the persons injured, taken before and after the accident, it having been shown that she was absent from Puerto Rico, can in no way prejudice the rights of the defendant. Even in the case of a trial by jury—this case was tried by the court—we have held "The mere fact that a photograph may impress the jury unfavorably against the defendant does not justify its exclusion, provided the prosecuting attorney has offered it in evidence for a legitimate purpose of the prosecu-

tion and not merely to create prejudice in the minds of the jury against the accused." *People* v. *Zayas*, 65 P.R.R. 504, 508.

One of the requirements of § 328 of the Penal Code, in its aspect as a misdemeanor, is that as a consequence of the collision injury must be caused to some person and the photographs tended to show part of the injury caused to the lady with a wound on her face.

■ The third assignment is frivolous. Appellant maintains that the court erred in basing its conclusion on judicial notice in the sense that Luis Vázquez, who was driving the automobile against which the collision occurred, was not intoxicated, but had taken two or three highballs. What the court said was the following: "The court believes that the jitney driven by the defendant was traveling at more than ten miles per hour and there is no evidence to the effect that Vázquez was intoxicated but that he had taken two or three highballs during the evening. That is nothing uncommon. I have many friends who can stay all night at a party and take only one, two or three highballs."

It was on this evidence, therefore, that the court based its conclusion that Mr. Vázquez was not intoxicated but had only taken two or three highballs. The additional remark does not mean that the court made the finding on judicial notice. What the court really held was that the mere fact that Mr. Vázquez should take two or three highballs did not give rise to the presumption that he had become intoxicated.

■ In the fourth and fifth assignments appellant maintains that the court erred in weighing the evidence. Notwithstanding defendant's efforts to prove that he did not commit gross and criminal negligence in driving the bus which collided with the automobile driven by Mr. Vázquez, and as a consequence of which the latter's wife received serious injuries, we are of the opinion that the evidence is sufficient. It showed that early in the morning of January 1, 1948 the defendant was driving a panel delivery bus along Ponce de

León Avenue, in the direction from Río Piedras to San Juan, in zigzags, and that in trying to pass a passenger bus which had stopped at Stop 26 it swerved towards its left at the same time that Mr. Vázquez' automobile approached, from the opposite direction, along his right-hand side and within the center yellow line on the road, the bus colliding against the left front part of defendant's automobile. The impact was with such violence that Mrs. Vázquez, who was sitting next to her husband, was thrown out of the vehicle unto the road, receiving a wound from ear to chin, on the left side of her face; that Mr. Vázquez became unconscious and that the automobile was completely ruined on its left front part. See exhibits 1 and 3 of The People.

■■ In our opinion the lower court did not err in not believing the testimony of the appellant to the effect that he was driving the bus at a speed of ten or fifteen miles per hour. The consequences of the impact received by the automobile of Mr. Vázquez tend to show that the speed of the bus could not have been as slow as appellant maintains. Evidence as to the force of the impact of a collision may be, by itself, or in connection with other circumstances, of sufficient force to warrant a conclusion that there was negligence as to the speed of the vehicle. *Efret* v. *Quiñones*, 40 P.R.R. 183. And the other circumstances in this case were the manner in which appellant was driving his bus, that is, running zigzag, trying to pass the other bus and invading part of the right-hand side of the road which corresponded to Mr. Vázquez. We have examined the transcript of the evidence and we are convinced that the evidence showed that the proximate cause of the accident was the negligence of the appellant. The court did not err in so deciding. Nor are we justified, by the evidence, in disturbing the discretion of the court as to the sentence imposed. *People* v. *González*, 68 P.R.R. 488; *People* v. *Rivera*, 54 P.R.R. 667.

The judgment will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.